|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SOLOMONA RICKY PATU,

        Plaintiff,

   v.

DAVID DAVID, *et al.*,

        Defendants.

CASE NO. 2:22-cv-00641-JCC-JRC

ORDER TRANSFERRING CASE

    The District Court has referred this action filed under 42 U.S.C. § 1983 to United States Chief Magistrate Judge Richard Creatura. Plaintiff Solomona Patu, proceeding *pro se* ("representing himself"), initiated this lawsuit on May 11, 2022. *See* Dkt. 1. The Court has reviewed plaintiff's proposed complaint and finds the proper venue for this case is the United States District Court for the Eastern District of Washington. Therefore, the Court orders this case be transferred to the Eastern District of Washington.

## BACKGROUND

In the proposed complaint, plaintiff, who is housed at the Monroe Correctional Complex ("MCC") in Monroe, Washington, names David David, a doctor, and Ms. Shauna Barker, a therapist, as defendants. Dkt. 1. Both defendants appear to be employees of the Washington State Penitentiary ("WSP"), which formerly housed plaintiff, and which is located in the Eastern District of Washington. Plaintiff alleges that defendant David improperly treated plaintiff's stomach infection. *Id*. at 5. Plaintiff also alleges that defendant Barker did not find his stomach condition serious enough to warrant a transfer to another facility. *Id*. at 6. Both of these events allegedly occurred in the Eastern District, as well.

Accordingly, the Court issued an Order to Show Cause why this matter should not be transferred to the Eastern District of Washington. *See* Dkt. 5. Plaintiff's response to this Order will be discussed below. *See* Dkt. 6.

## DISCUSSION

Venue may be raised by the court *sua sponte* ("on its own") when the defendant has not filed a responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not based solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a).

1    Here, although plaintiff filed this cause of action in the Western District of Washington
2 and resides at MCC, which is in the Western District of Washington, it appears that the events
3 described in the complaint occurred at the WSP, which is located in the Eastern District of
4 Washington. *See* Dkt. 1. In addition, it appears that neither defendant is domiciled in the Western
5 District of Washington.

6    Further, in his response to the Court's Order to Show Cause, plaintiff did not explain why
7 this matter should stay in the Western District of Washington. *See* Dkt. 6. Rather, plaintiff asked
8 the Court to provide him with an "ABC formula" stipulating "what I should write and what
9 response I should provide" in order to keep this matter in the Western District, despite the Court
10 having already given these instructions in the Order to Show Cause. Dkt. 6 at 1; *See* Dkt. 5 at 2.

11    The Court cannot provide legal advice. It is up to plaintiff to allege facts and provide
12 authority sufficient to justify his position. Therefore, the Court declines to provide such an "ABC
13 formula."

## CONCLUSION

15    The Court finds venue is improper and the interests of justice require this case be
16 transferred to the proper venue. Accordingly, the Court orders this case be transferred to the
17 Eastern District of Washington and the case be closed.[1]

18    Dated this 13th day of July, 2022.

20    J. Richard Creatura
      Chief United States Magistrate Judge

---

[1] An order transferring venue pursuant to 28 U.S.C. §1404(a) does not address the merits of the case; therefore, it is a non-dispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *See Pavao v. Unifund CCR Partners*, 934 F.Supp.2d 1238, 1241 n. 1 (S.D. Cal. 2013).